UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                          No. 03-4081

LARRY DEAN THOMPSON, a/k/a Tiger,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the District of South Carolina, at Spartanburg.
G. Ross Anderson, Jr., District Judge.
(CR-02-248)

Submitted: July 24, 2003

Decided: August 1, 2003

Before MICHAEL and MOTZ, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Thomas G. Nessler, Jr., LAW OFFICES OF THOMAS G. NESS-LER, JR., Greenville, South Carolina, for Appellant. Elizabeth Jean Howard, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Larry Dean Thompson pled guilty to one count of possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1) and 846 (2000). At sentencing, Thompson was found to be a career offender pursuant to *U.S. Sentencing Guidelines Manual* § 4B1.1 (2002), and sentenced to 188 months' imprisonment. His counsel has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), in which he raises the sole issue that the district court incorrectly sentenced Thompson, but ultimately concludes there are no meritorious issues for appeal. Thompson has filed a pro se supplemental brief in which he asserts that his conviction should be overturned because 21 U.S.C. § 841 is unconstitutionally vague. Finding no reversible error, we affirm.

Thompson first argues that the district court erred in sentencing him to 188 months' imprisonment. This court has held that a district court may fix a sentence at any point within the guideline range and that its decision is not appealable as long as the guideline range is correctly calculated. *United States v. Porter*, 909 F.2d 789, 794 (4th Cir. 1990). A review of the record indicates that the district court sentenced Thompson at the low end of a correctly calculated guidelines range, and that his sentence is below the statutory maximum penalty; therefore, this court lacks authority to review it.

Next, Thompson contends that his conviction should be overturned because 21 U.S.C. § 841 is unconstitutionally vague. We have repeatedly, however, found that § 841 is constitutional. *See United States v. Chong*, 285 F.3d 343, 346-47 (4th Cir. 2002); *United States v. MacAllister*, 272 F.3d 228, 232-33 (4th Cir. 2001); *United States v. Perkins*, 108 F.3d 512, 518 (4th Cir. 1997).

In accordance with the requirements of *Anders*, we have considered the entire record on appeal and find that there are no meritorious

issues for appeal. Accordingly, we affirm Thompson's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*