**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-5185

UNITED STATES OF AMERICA,

Plaintiff - Appellant,

versus

CARLOS ROMERO-CANDELARIA, a/k/a Carlos Romero,
a/k/a Carlos Candelaria,

Defendant - Appellee.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.  W. Earl Britt, Senior
District Judge.  (CR-05-63)

Submitted: April 27, 2006          Decided: July 12, 2006

Before WILKINS, Chief Judge, SHEDD, Circuit Judge, and HAMILTON,
Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Frank D. Whitney, United States Attorney, Anne M. Hayes, Assistant
United States Attorney, Eric D. Goulian, Assistant United States
Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North
Carolina, for Appellant.   Thomas P. McNamara, Federal Public
Defender, G. Alan DuBois, Assistant Federal Public Defender, OFFICE
OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

The United States appeals Carlos Romero-Candelaria's sentence for illegally reentering the United States after being deported, see 8 U.S.C.A. § 1326(a), (b)(2) (West 2005).  The district court imposed a below-guidelines variance sentence to avoid an "unwarranted sentence disparit[y]," 18 U.S.C.A. § 3553(a)(6) (West 2000), between Romero-Candelaria and defendants that had participated in a "fast-track" program.[*]  Finding the sentence unreasonable, we vacate and remand for resentencing.

I.

Romero-Candelaria, a citizen of Mexico, illegally entered the United States in November 1995.  In August 1998, he was convicted in North Carolina of attempted second-degree kidnapping and was sentenced to ten to twelve months imprisonment.  After serving his sentence, he was deported on March 1, 1999.

Romero-Candelaria reentered the United States without permission in approximately April 2003.  Almost two years later, he was charged in North Carolina with driving while his license was revoked.  After it was determined that Romero-Candelaria had reentered the country illegally, he was indicted on a single count of reentering the United States after having been deported, see

_____

[*]The nature of such programs is discussed in our recent opinion in United States v. Perez-Pena, No. 05-5054, 2006 WL 1791697, at *1-2 (4th Cir. June 30, 2006).

2

8 U.S.C.A. § 1326(a), (b)(2). He pleaded guilty to the indictment without a plea agreement.

At sentencing, the district court began by calculating Romero-Candelaria's sentencing guideline range. Because Romero-Candelaria had been convicted of a felony crime of violence--the attempted kidnapping--prior to his deportation, the district court applied a 16-level increase to his base offense level of 8. See United States Sentencing Guidelines Manual § 2L1.2(a), (b)(1)(A)(ii) (2004). Application of a 3-level adjustment for acceptance of responsibility, see U.S.S.G. § 3E1.1, reduced the total offense level to 21. With a Criminal History Category of IV, Romero-Candelaria's guideline range was 57 to 71 months. The district court then heard argument on a request by Romero-Candelaria for a below-guidelines sentence. He contended that such a sentence was necessary to avoid an unwarranted sentence disparity with defendants who had received "fast-track" sentences. He further argued that the nature and circumstances of the attempted kidnapping of which he was convicted, his relatively modest other criminal history, his acceptance of responsibility, and his agreement to return to Mexico, when considered together, also warranted a below-guidelines sentence.

In contrast, the Government requested imposition of a sentence within the guideline range. The Government denied that any disparity produced by such a sentence would be "unwarranted" since

Romero-Candelaria did not participate in any fast-track program and was therefore not similarly situated to those who did. At the close of arguments, the court imposed a 24-month sentence--33 months less than the low end of the guideline range--in order to avoid an unwarranted sentence disparity with defendants who participated in fast-track programs.

## II.

The Government argues that the district court erred in imposing a below-guidelines sentence to account for sentences received by defendants participating in fast-track programs. We agree.

Our recent decision in United States v. Perez-Pena, No. 05-5054, 2006 WL 1791697, at *7 (4th Cir. June 30, 2006), establishes that the sentence disparity between a non-fast-track defendant and one who received a fast-track sentence is not "unwarranted" within the meaning of 18 U.S.C.A. § 3553(a)(6). We therefore vacate Romero-Candelaria's sentence as unreasonable and remand for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before us and argument would not aid the decisional process.

VACATED AND REMANDED

4