Vacated by Supreme Court, January 7, 2008

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-5057**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CARLOS ROMERO-CANDELARIA,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  W. Earl Britt, Senior District Judge.  (5:05-cr-00063-BR)

Submitted: March 30, 2007                    Decided: May 3, 2007

Before WILLIAMS and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  George E. B. Holding, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Carlos Romero-Candelaria appeals the fifty-seven-month sentence he received on remand for the offense of illegal reentry in violation of 8 U.S.C.A. § 1326(a), (b)(2) (West 2006). When Romero-Candelaria was first sentenced, the district court imposed a variance sentence of twenty-four months to avoid a disparity between Romero-Candelaria and defendants who participate in a fast-track program in other districts. We vacated the sentence as unreasonable, and remanded for resentencing. United States v. Romero-Candelaria, 189 F. App'x 149 (4th Cir.) (No. 05-5185), cert. denied, 127 S. Ct. 610 (2006). On remand, Romero-Candelaria asked the court to reimpose the same sentence based on other sentencing factors that he had presented at the first sentencing, pursuant to 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006), as justification for a below-guideline sentence. The district court declined to impose a below-guideline sentence and instead sentenced Romero-Candelaria at the bottom of the guideline range. We affirm.

Romero-Candelaria contends on appeal that the district court imposed a sentence within the guideline range without adequate consideration of the § 3553(a) factors because it felt constrained to do so by our precedent, which accords a presumption of reasonableness to a within-guideline sentence. We have repeatedly held that a sentence imposed within a properly calculated guideline range is presumed to be reasonable. See,

e.g., United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006), petition for cert. filed, __ U.S.L.W. __ (U.S. July 21, 2006) (No. 06-5439); United States v. Johnson, 445 F.3d 339, 341-42 (4th Cir. 2006); United States v. Moreland, 437 F.3d 424, 433 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006); United States v. Green, 436 F.3d 449, 457 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006).   There is no evidence in the record to support Romero-Candelaria's contention that the court imposed a within-guideline sentence because it felt constrained to do so. The court had already considered and rejected at the first sentencing hearing the grounds Romero-Candelaria urged on remand as justification for a departure or variance.  Although the court did not specifically refer to the § 3553(a) factors at the resentencing hearing, its reference to United States v. Booker, 543 U.S. 220 (2005), was an acknowledgment of the requirement that the sentencing court must consider those factors, and indicates that, as before, the court did not find any of the factors advanced by Romero-Candelaria an adequate reason for a variance sentence. See Johnson, 445 F.3d at 345 (district court need not discuss every § 3553(a) factor on the record, particularly when imposing sentence within applicable guideline range).

Romero-Candelaria also argues that a within-guideline sentence is not entitled to a presumption of reasonableness. He cannot prevail on this issue because a panel may not overrule

another panel.  <u>United States v. Chong</u>, 285 F.3d 343, 346 (4th Cir. 2002).

We therefore affirm the sentence imposed by the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>