**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-5057**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

CARLOS ROMERO-CANDELARIA,

                    Defendant - Appellant.

On Remand from the Supreme Court of the United States.
(S. Ct. No. 07-5743)

Submitted:  April 8, 2008          Decided:  April 24, 2008

Before WILLIAMS, Chief Judge, SHEDD, Circuit Judge, and HAMILTON, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  George E. B. Holding, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Carlos Romero-Candelaria appealed the fifty-seven-month sentence he received for the offense of illegal reentry in violation of 8 U.S.C.A. § 1326(a), (b)(2) (West 2006), arguing that the district court failed to consider adequately a variance based on various factors under 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007). We affirmed the sentence.[*] The Supreme Court subsequently vacated this court's judgment and remanded the case for reconsideration under Gall v. United States, 128 S. Ct. 586, 597 (2007). See United States v. Romero-Candelaria, 225 F. App'x 122 (4th Cir. 2007) (No. 06-5057), vacated, 128 S. Ct. 868 (2008).

We review a sentence for reasonableness, applying an abuse of discretion standard. Gall, 128 S. Ct. at 597; see also United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). The appellate court must first ensure that the district court committed no procedural error, such as "failing to calculate (or improperly calculating) the Guideline range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately

---

[*]When Romero-Candelaria was first sentenced, the district court imposed a variance sentence of twenty-four months to avoid a disparity between Romero-Candelaria and defendants who participate in a fast-track program in other districts. Relying on United States v. Perez-Pena, 453 F.3d 236 (4th Cir.), cert. denied, 127 S. Ct. 542 (2006), we vacated the sentence as unreasonable and remanded for resentencing. United States v. Romero-Candelaria, 189 F. App'x 149 (4th Cir.) (No. 05-5185), cert. denied, 127 S. Ct. 610 (2006).

explain the chosen sentence--including an explanation for any deviation from the Guideline range." Gall, 128 S. Ct. at 597.

If there are no procedural errors, the appellate court then considers the substantive reasonableness of the sentence. Id. "Substantive reasonableness review entails taking into account the totality of the circumstances, including the extent of any variance from the Guidelines range." Pauley, 511 F.3d at 473. While the court may presume a sentence within the Guidelines range to be reasonable, it may not presume a sentence outside the range to be unreasonable. Id. Moreover, it must give due deference to the district court's decision that the § 3553(a) factors justify imposing a variance sentence and to its determination regarding the extent of any variance. Even if the reviewing court would have reached a different sentencing result on its own, this fact alone is insufficient to justify reversal of the district court. Id. at 474.

At Romero-Candelaria's October 2006 resentencing, the district court followed the necessary procedural steps in sentencing him, properly calculated the Guidelines range and, presumably, considered that recommendation in conjunction with the § 3553(a) factors. However, the district court did not discuss the § 3553(a) factors put forward by Romero-Candelaria as grounds for a variance, or explain its choice of a sentence. Because the court did not have the benefit of Gall, we conclude that the proper

course to follow is to vacate the sentence and remand the case to give the district court an opportunity to reconsider the sentence in light of <u>Gall</u>.

Therefore, we vacate the sentence imposed by the district court and remand for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>