**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　*Plaintiff-Appellee,*

v.

MAXINE ANGELA CHONG, a/k/a D. M.
Chong, a/k/a Tanika Lambert, a/k/a
Maxine Chung, a/k/a Dawn Chong,
a/k/a Dawn Brown,
　　　　　　*Defendant-Appellant.*

No. 01-4274

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
W. Earl Britt, Senior District Judge.
(CR-00-181-BR)

Argued: December 5, 2001

Decided: April 8, 2002

Before WIDENER and WILLIAMS, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

───────────────────────────

Affirmed in part and vacated and remanded in part with instructions
by published opinion. Judge Widener wrote the opinion, in which
Judge Williams and Senior Judge Hamilton concurred.

───────────────────────────

## COUNSEL

**ARGUED:** George Alan DuBois, Assistant Federal Public Defender,
Raleigh, North Carolina, for Appellant. Winnie Jordan Reaves, Assis-

tant United States Attorney, Raleigh, North Carolina, for Appellee. **ON BRIEF:** Thomas P. McNamara, Federal Public Defender, Raleigh, North Carolina, for Appellant. John Stuart Bruce, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

---

## OPINION

WIDENER, Circuit Judge:

Defendant Maxine Chong appeals her convictions and sentence resulting from her guilty plea to conspiracy with intent to distribute at least 50 grams of cocaine base and possession with intent to distribute at least 50 grams of cocaine base. Miss Chong asserts that the district court erred as a matter of law in enhancing her sentence under USSG § 3C1.2 for reckless endangerment during flight based on the relevant conduct standard in USSG § 1B1.3(a)(1)(B) that her co-defendant's reckless conduct was reasonably foreseeable. Additionally, Miss Chong challenges the constitutionality of the federal drug statutes, 21 U.S.C. §§ 841 and 846, in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

### I.

Maxine Chong was a passenger in a vehicle driven by her co-defendant, Chesney Fairclough, when local police attempted to effect a traffic stop on the vehicle. When officers activated the lights of the police vehicle, Fairclough sped away, turning down a one-way street and eventually stopping after the vehicle collided with a median. Fairclough then exited the vehicle and fled on foot, discarding 689 grams of cocaine base as he ran. After Fairclough was apprehended, the police returned to the vehicle and ordered Miss Chong and another passenger, Vincent Lewis, out of the car.

As Miss Chong exited the car, she placed an object in her pants and also attempted to flee on foot, but was detained. Miss Chong was arrested at the scene and a search revealed 51.8 grams of cocaine base and $8530 in her possession. An additional 25.9 grams of cocaine base were recovered from a door panel of the vehicle.

Miss Chong pleaded guilty to a two count indictment charging her with conspiracy to possess with intent to distribute more than 50 grams of cocaine base in violation of 21 U.S.C. § 846 and possession with intent to distribute more than 50 grams of cocaine base in violation of 21 U.S.C. § 841(a). The presentence report (PSR) credited Miss Chong with responsibility for 1295 grams of cocaine base including: 51.8 grams found in her possession, 689 grams discarded by Fairclough, 25.9 grams found in the vehicle, 28.3 grams sold to a confidential informant in an earlier transaction, and 500 grams representing the amount of cash seized from the co-conspirators determined to be the proceeds of drug transactions. Miss Chong's offense level was enhanced by two levels under USSG § 3C1.2 for reckless endangerment during flight based on co-defendant Fairclough's attempt to flee police by driving the wrong way down a one-way street and wrecking the car upon a median. Finally, Miss Chong benefitted from a three level reduction in her offense level from an acceptance of responsibility adjustment.

Miss Chong raised a number of objections to the PSR, including an objection to the enhancement for reckless endangerment. The district court, however, adopted the factual findings and guideline application of the PSR and, based on a total offense level of 35, sentenced Miss Chong to 235 months on each count to be served concurrently.

## II.

We exercise jurisdiction over this appeal under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). Although we give due deference to the district court's application of the Sentencing Guidelines to the facts, when the question involves the legal interpretation of a guideline provision, our review is de novo. *United States v. Daughtrey*, 874 F.2d 213, 217 (4th Cir. 1989).

## III.

A defendant's sentence can be increased by two levels under USSG § 3C1.2 "if the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." The district court increased Miss Chong's offense level by two levels under § 3C1.2 because the court

accepted the findings of the PSR that it was reasonably foreseeable to Miss Chong that her co-defendant might attempt to elude arrest. In applying the enhancement for reckless endangerment during flight, the district court relied on the language in § 1B1.3(a)(1)(B), which defines relevant conduct in the case of a jointly undertaken criminal activity as "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense."

According to Application Note Five of § 3C1.2, which was not considered by the district court, a fleeing defendant is "accountable for his own conduct and for conduct that he aided or abetted, counseled, commanded, induced, procured, or willfully caused." We must consider this commentary, which interprets or explains a guideline, as authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline. See *Stinson v. United States*, 508 U.S. 36, 38 (1993).

According to the guidelines, the adjustments in Chapter Three, such as the reckless endangerment enhancement of § 3C1.2, are to be determined based upon the relevant conduct provisions of § 1B1.3 "unless otherwise specified." See USSG § 1B1.3(a). By stating that a defendant is responsible for the conduct of others if he aided or abetted, counseled, commanded, induced, procured, or willfully caused that conduct, Application Note Five of § 3C1.2 limits the defendant's responsibility for the actions of another. This limitation thus delineates the instances in which the relevant conduct provisions of § 1B1.3 apply. See *United States v. Cook*, 181 F.3d 1232, 1235-36 (11th Cir. 1999).

We thus join the Eleventh, Tenth, and Ninth Circuits in reasoning that "some form of direct or active participation which is consistent with Application Note Five is necessary in order for § 3C1.2 to apply." *United States v. Cook*, 181 F.3d 1232, 1235 (11th Cir. 1999); see *United States v. Conley*, 131 F.3d 1387, 1390-91 (10th Cir. 1997) ("reasonable foreseeability of the reckless behavior at issue is not enough by itself to support a § 3C1.2 enhancement"); *United States v. Lipsey*, 62 F.3d 1134, 1136-37 (9th Cir. 1995) (rejecting § 3C1.2

enhancement where district court relied solely on reasonable foreseeability of high speed getaway and requiring more specific finding under Application Note Five standard); see also *United States v. Hall*, 71 F.3d 569, 571-72 (6th Cir. 1995) (suggesting that reasonable foreseeability may not be enough for § 3C1.2 enhancement when defendant was under control of co-defendant who drove getaway vehicle). See also *United States v. Harrison*, 272 F.3d 220, 223 (4th Cir. 2001) (applying an aided and abetted standard to a § 3C1.2 enhancement).

The record in this case is incomplete as to whether Miss Chong's own conduct met the applicable standard set forth in Application Note Five. Although the district court adopted the factual findings of the presentence report, relevant details of the flight are not in the record and we are unable to ascertain whether Miss Chong aided or abetted, counseled, commanded, induced, procured, or willfully caused Fairclough's reckless flight and thus would be subject to the two level enhancement. Accordingly, we vacate Miss Chong's sentence and remand to the district court for resentencing based on a determination of whether she aided or abetted, counseled, commanded, induced, procured, or willfully caused her co-defendant to engage in conduct that satisfies the reckless standard of § 3C1.2.

IV.

Miss Chong next challenges her convictions on the grounds that the federal drug statutes are unconstitutional in light of the *Apprendi* rule that any factor other than a prior conviction which increases defendant's sentence beyond the statutory maximum must be submitted to the jury and proved beyond a reasonable doubt. See *United States v. Apprendi*, 530 U.S. 466, 490 (2000). A panel of this court recently "join[ed] the Fifth, Sixth, Seventh, and Tenth Circuits in holding that § 841 is not facially unconstitutional." *United States v. McAllister*, 272 F.3d 228, 232 (4th Cir. 2001). It is well settled that "a panel of this court cannot overrule, explicitly or implicitly, the precedent set by a prior panel of this court. Only the Supreme Court or this court sitting en banc can do that." *Mentavlos v. Anderson*, 249 F.3d 301, 312 n.4 (4th Cir. 2001) (citing *Bell v. Jarvis*, 236 F.3d 149, 159 (4th Cir. 2000) (en banc)). Accordingly, we affirm Miss Chong's convictions under the federal drug statutes.

## V.

For the foregoing reasons, we affirm Miss Chong's convictions; however, we conclude that the district court erred in applying the § 3C1.2 enhancement without considering Application Note Five. We therefore vacate Miss Chong's sentence and remand for resentencing in which the district court will consider that same Application Note Five should it apply § 3C1.2.

*AFFIRMED IN PART, VACATED AND*
*REMANDED IN PART WITH INSTRUCTIONS*