UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                          No. 02-4737

LEON BELLAMY,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
Frank W. Bullock, Jr., District Judge.
(CR-02-39, CR-02-40, CR-02-41, CR-02-42, CR-02-44, CR-02-45)

Submitted: January 28, 2003

Decided: February 6, 2003

Before NIEMEYER, LUTTIG, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Louis C. Allen III, Federal Public Defender, William S. Trivette,
Assistant Federal Public Defender, Greensboro, North Carolina, for
Appellant. Anna Mills Wagoner, United States Attorney, Harry L.
Hobgood, Assistant United States Attorney, Greensboro, North Caro-
lina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Leon Bellamy pled guilty to six separate indictments charging six bank robberies, 18 U.S.C. § 2113(a) (2000), and received a sentence of ninety months imprisonment. He appeals his sentence, arguing that the district court clearly erred in making a two-level adjustment for reckless endangerment during flight. *U.S. Sentencing Guidelines Manual* § 3C1.2 (2001). We affirm.

Bellamy robbed a number of banks in Greensboro, North Carolina. He was pursued by the police after the last robbery and was apprehended when they rammed his car. Based on information from the government, the probation officer recommended an adjustment for reckless endangerment to which Bellamy objected. Bellamy asserted in an affidavit that he had not traveled at 70 mph or exceeded the speed of the other vehicles on the highway during the chase and that he had attempted to pull off on the shoulder as soon as the police activated their blue lights, but that before he could stop the police decided to ram his car. At the sentencing hearing, Bellamy did not testify. Consequently, the district court did not consider his affidavit in determining the facts.

After hearing testimony from a police officer who had been involved in Bellamy's pursuit and arrest, the district court found that the facts were not seriously in dispute, and determined that Bellamy had created a substantial risk of death or serious bodily injury to another during the portion of chase that took place on Lee Street, a residential area, but not during the chase on Route 29, where drivers commonly exceed the speed limit. The court estimated that Bellamy drove at 60 to 70 miles per hour on Lee Street for about three-quarters of a mile without giving any indication that he intended to slow or stop, and that this conduct in a residential area created a substantial risk to others even in the absence of evidence that there was a close call with a pedestrian or another car.

The district court's determination of the facts is reviewed for clear error; its decision that the adjustment applied based on those facts is reviewed de novo. *United States v. Chong*, 285 F.3d 343, 345 (4th Cir. 2002). Bellamy argues that the district court clearly erred in making the adjustment because the officer's report of the incident did not mention that the chase was dangerous. He further argues that it defies logic that eight police cars would continue the chase if Bellamy was driving recklessly or would stop his car by striking it if so doing would endanger either persons or vehicles. However, when questioned about his report, the officer testified that he only addressed matters pertaining to the criminal investigation of the bank robbery, not "traffic matters." We conclude that the district court did not clearly err in accepting the officer's account of the incident in determining the facts.

Application Note 2 to § 3C1.2 adopts the definition of "reckless" provided in Application Note 1 to USSG § 2A1.4, that is, that the defendant "was aware of the risk created by his conduct and the risk was of such a nature and degree that to disregard that risk constituted a gross deviation from the standard of care that a reasonable person would exercise in such a situation." We conclude that Bellamy could not fail to recognize that a high-speed chase through a residential area creates a substantial risk to vehicles and pedestrians in the area. Because Bellamy persisted in his attempt to elude police in this manner, the district court did not err in making the adjustment.

We therefore affirm the sentence imposed by the district court. We deny Bellamy's motion for new counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*