**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 05-4728**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ROZELL ALONZA JOHNSON,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg. W. Craig Broadwater, District Judge. (CR-04-40)

_____

Submitted: June 9, 2006              Decided: August 30, 2006

_____

Before NIEMEYER and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

L. Richard Walker, Assistant Federal Public Defender, Wheeling, West Virginia, for Appellant. Thomas E. Johnston, United States Attorney, Thomas O. Mucklow, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Rozell Alonza Johnson appeals the 292-month sentence imposed by the district court after Johnson pled guilty to conspiracy to possess with intent to distribute and to distribute fifty grams or more of crack cocaine, in violation of 21 U.S.C. § 846 (2000); possession with intent to distribute 108 grams of crack, in violation of 21 U.S.C. § 841(a)(1) (2000), and 18 U.S.C. § 2 (2000); and possession with intent to distribute 129 grams of cocaine, in violation of § 841(a)(1) and § 2. On appeal, Johnson asserts that the district court erred by applying a two-level upward adjustment under U.S. Sentencing Guidelines Manual § 3C1.2 (2004), for reckless endangerment during flight, and that the court erred by refusing to award a downward adjustment under USSG § 3E1.1 for acceptance of responsibility. We affirm.

In a post-Booker[*] sentencing like Johnson's, a district court must calculate the applicable guideline range after making the appropriate findings of fact, consider the range in conjunction with other relevant factors under the guidelines and 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006), and impose a sentence. United States v. Moreland, 437 F.3d 424, 432 (4th Cir.) (citing United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005)), cert. denied, 126 S. Ct. 2054 (2006). The sentence must be "within the statutorily prescribed range and . . . reasonable." Hughes, 401

---

[*]United States v. Booker, 543 U.S. 220 (2005).

F.3d at 546-47 (citations omitted).  In reviewing the calculation of the advisory sentencing guideline range, this court "review[s] the district court's legal conclusions de novo and its factual findings for clear error."  United States v. Hampton, 441 F.3d 284, 287 (4th Cir. 2006).

Johnson asserts on appeal that the district court erred in failing to apply a two-level downward adjustment for acceptance of responsibility.  We review a district court's decision to grant or deny an adjustment for acceptance of responsibility for clear error.  United States v. May, 359 F.3d 683, 688 (4th Cir. 2004) (citing United States v. Ruhe, 191 F.3d 376, 388 (4th Cir. 1999)).  Our review of the record convinces us that the district court did not clearly err in refusing to apply an acceptance of responsibility downward adjustment.

Johnson also challenges the district court's application of the upward adjustment for reckless endangerment during flight.  He contends that his flight from police was not reckless because he was merely a passenger in the car that hit an officer's unmarked vehicle and there was no evidence that he knew his co-defendant would hit the officer's car.  Because Johnson challenges the application of the reckless endangerment adjustment to the undisputed facts of his case, our review is de novo.  See Hampton, 441 F.3d at 287; United States v. Butner, 277 F.3d 481, 487-88 (4th

Cir. 2002) (reviewing de novo legal ruling based upon undisputed facts).

An adjustment under § 3C1.2 is warranted "[i]f the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer. . . ." USSG § 3C1.2. In making this determination, the normal scope of relevant conduct described in USSG § 1B1.3 is narrowed by USSG § 3C1.2 cmt. n.5. A defendant "is accountable only for his own conduct and for conduct that he aided or abetted, counseled, commanded, induced, procured, or willfully caused." USSG § 3C1.2 cmt. n.5. Because Application Note 5 to § 3C1.2 "limits the defendant's responsibility for the actions of another," this court has held that "some form of direct or active participation" on the part of the defendant is necessary for § 3C1.2 to apply when the reckless flight is the result of another person's action. United States v. Chong, 285 F.3d 343, 346 (4th Cir. 2002) (internal quotation marks and citation omitted).

Assuming, without deciding, that the district court may have erred in applying the two-level upward adjustment under USSG § 3C1.2, we find that any error is harmless. Without the § 3C1.2 adjustment, Johnson's total offense level would have been thirty-six. With a criminal history category of III, the applicable advisory guideline range would have been 235 to 293 months of imprisonment. Johnson's 292-month sentence falls within

- 4 -

that range.  See United States v. Mashek, 406 F.3d 1012, 1017 (8th Cir. 2005) ("[T]here may be situations where an error in calculating the appropriate guidelines range is harmless and, therefore, does not require immediate remand[,] [such as] where the resulting sentence lies in the overlap between the correct and incorrect guidelines ranges.") (citations omitted).

Accordingly, we affirm Johnson's sentence.  We deny the motion to relieve counsel and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED