**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 06-4688**

─────────

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

        versus

JAMES ANTHONY VITTITOE,

                              Defendant - Appellant.

─────────

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham.  N. Carlton Tilley, Jr.,
Chief District Judge.  (1:05-cr-00264-NCT)

─────────

Submitted:  January 17, 2007        Decided:  February 5, 2007

─────────

Before WILLIAMS and TRAXLER, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

─────────

Affirmed by unpublished per curiam opinion.

─────────

Louis C. Allen, III, Federal Public Defender, Gregory Davis,
Assistant Federal Public Defender, Greensboro, North Carolina, for
Appellant.  Anna Mills Wagoner, United States Attorney, Harry L.
Hobgood, Assistant United States Attorney, Greensboro, North
Carolina, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Anthony Vittitoe appeals the 160-month sentence the district court imposed after Vittitoe pled guilty to one count of bank robbery, in violation of 18 U.S.C. § 2113(a) (2000). We affirm.

Vittitoe's conduct carried a base offense level of twenty, which was increased two levels because the robbery involved the property of a financial institution. U.S. Sentencing Guidelines Manual § 2B3.1(a) & (b)(1) (2005) ("USSG"). Due to the nature of this offense and Vittitoe's criminal history, Vittitoe was designated a career offender. USSG § 4B1.1 (2005). Because the statutory maximum term of imprisonment for a violation of 18 U.S.C. § 2113(a) is twenty years, Vittitoe's offense level increased to thirty-two. USSG § 4B1.1(b) (2005). With a three-level reduction for acceptance of responsibility, Vittitoe's total offense level was twenty-nine. This, coupled with a criminal history category of VI,[1] yielded an advisory Guidelines range of 151 to 188 months' imprisonment. USSG Ch. 5, Pt. A (sentencing table) (2005). Vittitoe did not object to the application of the Guidelines as set forth in the presentence report.

---

[1]Under the career offender guideline, "[a] career offender's criminal history category in every case . . . shall be Category VI." USSG § 4B1.1(b).

On appeal, Vittitoe first posits that the presumption of reasonableness this court affords post-<u>Booker</u>[2] sentences that are within a properly calculated Guidelines range is unconstitutional. A plethora of circuit precedent forecloses this argument. <u>See</u>, <u>e.g.</u>, <u>United States v. Montes-Pineda</u>, 445 F.3d 375, 379 (4th Cir. 2006), <u>petition for cert. filed</u>, __ U.S.L.W. __ (U.S. July 21, 2006) (No. 06-5439); <u>United States v. Johnson</u>, 445 F.3d 339, 341-42 (4th Cir. 2006); <u>United States v. Moreland</u>, 437 F.3d 424, 433 (4th Cir.), <u>cert. denied</u>, 126 S. Ct. 2054 (2006); <u>United States v. Green</u>, 436 F.3d 449, 457 (4th Cir.), <u>cert. denied</u>, 126 S. Ct. 2309 (2006). Because one panel of this court cannot overrule another, we decline Vittitoe's invitation to ignore established circuit authority. <u>United States v. Chong</u>, 285 F.3d 343, 346-47 (4th Cir. 2002) (internal quotation marks and citations omitted).

Vittitoe next asserts that his sentence is unreasonable. In post-<u>Booker</u> sentencing, district courts must calculate the appropriate Guidelines range, consider the range in conjunction with other relevant factors under the Guidelines and 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006), and impose a sentence. <u>Moreland</u>, 437 F.3d at 432-33. A sentence imposed within a properly calculated Guidelines range is presumptively reasonable. <u>Green</u>, 436 F.3d at 457.

---

[2]<u>United States v. Booker</u>, 543 U.S. 220 (2005).

Vittitoe's 160-month sentence is presumptively reasonable because it is within both the properly calculated Guidelines range and the applicable statutory maximum. Although the district court did not explicitly discuss every § 3553(a) factor on the record, it was not required to "robotically tick through § 3553(a)'s every subsection." <u>Johnson</u>, 445 F.3d at 345; <u>see</u> <u>United States v. Eura</u>, 440 F.3d 625, 632 (4th Cir. 2006), <u>petition for cert. filed</u>, __ U.S.L.W. __ (U.S. June 20, 2006) (No. 05-11659). The record reflects that the district court complied with § 3553(a)(1), and considered Vittitoe's personal history and circumstances in determining his sentence. Illustrative of the individualized sentencing consideration Vittitoe received is the fact that the district court made specific recommendations on the record regarding the mental health services Vittitoe should receive while incarcerated.

For the foregoing reasons, we affirm Vittitoe's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>