**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 06-4661**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ADONIS GARTH WILSON,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  William L. Osteen, Senior District Judge.  (1:06-cr-00048-WLO)

_____

Submitted:  February 21, 2007        Decided:  March 26, 2007

_____

Before WILLIAMS, MICHAEL, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Louis C. Allen, III, Federal Public Defender, Gregory Davis, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, David P. Folmar, Jr., Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Adonis Garth Wilson appeals the 275-month sentence the district court imposed after Wilson pled guilty to distribution of cocaine base, a violation of 21 U.S.C. § 841(a)(1) (2000), and possession of a firearm by a previously convicted felon, a violation of 18 U.S.C. § 922(g)(1) (2000).  We affirm.

Wilson's conduct carried a base offense level of twenty-six.  U.S. Sentencing Guidelines Manual § 2D1.1(c)(7) (2005) ("USSG").  Due to the nature of this offense and Wilson's criminal history, Wilson was designated a career offender under USSG § 4B1.1.  An eleven-level enhancement was applied to Wilson's base offense level pursuant to USSG § 4B1.1.  Wilson was also granted a three-level reduction for acceptance of responsibility pursuant to USSG § 3E1.1.  The resulting total offense level was thirty-four.  This, coupled with a criminal history category of VI, yielded an advisory Guideline range of 262-327 months' imprisonment.  Wilson objected to his designation as a career offender, but the objection was overruled.

On appeal, Wilson first posits that the presumption of reasonableness this court affords post-Booker[*] sentences that are within a properly calculated Guidelines range is unconstitutional. Because one panel of this court cannot overrule another, we decline

_____

[*]United States v. Booker, 543 U.S. 220 (2005).

Wilson's invitation to ignore established circuit authority.  <u>See</u> <u>United States v. Chong</u>, 285 F.3d 343, 346-47 (4th Cir. 2002).

Wilson next asserts that his sentence is unreasonable. In post-<u>Booker</u> sentencing, district courts must calculate the appropriate Guidelines range, consider the range in conjunction with other relevant factors under 18 U.S.C. § 3553(a) (2000), and impose a sentence.  <u>United States v. Moreland</u>, 437 F.3d 424, 432-33 (4th Cir.), <u>cert. denied</u>, 126 S. Ct. 2054 (2006).  A sentence imposed within a properly calculated Guidelines range is presumptively reasonable.  <u>United States v. Green</u>, 436 F.3d 449, 457 (4th Cir.), <u>cert. denied</u>, 126 S. Ct. 2309 (2006).

Wilson's 275-month sentence is presumptively reasonable because it is within both the properly calculated Guidelines range and the applicable statutory maximum.  The record reflects that the district court complied with § 3553(a), and considered Wilson's personal history and circumstances in determining his sentence.

For the foregoing reasons, we affirm Wilson's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>