**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-5063

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ORLANDO PINEDA-SANCHEZ, a/k/a Romualdo Garcia
Nava,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh. James C. Dever III,
District Judge. (5:06-cr-00059)

Submitted: April 19, 2007          Decided: April 23, 2007

Before NIEMEYER, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant. Ethan Ainsworth Ontjes, OFFICE OF THE UNITED STATES
ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Orlando Pineda-Sanchez pled guilty pursuant to a plea agreement to one count of conspiracy to distribute and to possess with the intent to distribute more than five hundred grams of cocaine, in violation of 21 U.S.C. § 846 (2000). Pineda-Sanchez was sentenced by the district court to 121 months' imprisonment. Finding no error, we affirm.

On appeal, counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there were no meritorious grounds for appeal, but arguing that the district court erred in sentencing Pineda-Sanchez under a de facto mandatory Guidelines system and in not taking into account all of the sentencing factors enumerated in 18 U.S.C. § 3553(a) (2000). Although Pineda-Sanchez was notified of his right to file a pro se supplemental brief, he did not do so, and the Government elected not to file a responsive brief.

Initially, Pineda-Sanchez contends that the presumption of reasonableness this court affords post-Booker[*] sentences imposed within a properly calculated Guidelines range is unconstitutional. This court's precedent, however, forecloses this argument. See, e.g., United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006), petition for cert. filed, __ U.S.L.W. __ (U.S. July 21, 2006) (No. 06-5439); United States v. Johnson, 445 F.3d 339, 341-42

_____

[*]United States v. Booker, 543 U.S. 220 (2005).

(4th Cir. 2006); United States v. Moreland, 437 F.3d 424, 433 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006); United States v. Green, 436 F.3d 449, 457 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006). Because one panel of this court cannot overrule another, we decline Pineda-Sanchez's invitation to ignore established circuit authority. United States v. Chong, 285 F.3d 343, 346-47 (4th Cir. 2002).

Pineda-Sanchez also contends that his sentence is unreasonable as a presumptive Guidelines system prevents district courts from considering all of the 18 U.S.C. § 3553(a) factors. However, after Booker, sentencing courts are required to consider the factors set forth in § 3553(a) as well as calculate and consider the guideline range prescribed thereby. United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). The record reflects that the district court complied with § 3553(a), and considered Pineda-Sanchez's personal history and circumstances in determining his sentence. Although the district court did not explicitly discuss every § 3553(a) factor on the record, it was not required to "robotically tick through § 3553(a)'s every subsection." Johnson, 445 F.3d at 345.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. Accordingly, we affirm the judgment of the district court. This court requires that counsel inform his client, in writing, of

his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED