**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————

**No. 06-5126**

—————

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

        versus

MICHAEL L. HEGMON, a/k/a Sweet,

                              Defendant - Appellant.

—————

Appeal from the United States District Court for the Southern
District of West Virginia, at Huntington.  Robert C. Chambers,
District Judge.  (3:06-cr-00052)

—————

Submitted:  April 30, 2007          Decided:  May 29, 2007

—————

Before MOTZ and TRAXLER, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

—————

Affirmed by unpublished per curiam opinion.

—————

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne,
Appellate Counsel, George H. Lancaster, Jr., Assistant Federal
Public Defender, Charleston, West Virginia, for Appellant. Charles
T. Miller, United States Attorney, R. Gregory McVey, Assistant
United States Attorney, Huntington, West Virginia, for Appellee.

—————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael L. Hegmon appeals his seventy-eight month sentence the district court imposed after Hegmon pled guilty, pursuant to a plea agreement, to one count of distribution of a quantity of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2000). For the following reasons, we affirm.

In post-<u>Booker</u>[*] sentencing, district courts must calculate the appropriate Guidelines range, consider the range in conjunction with other relevant factors under 18 U.S.C. § 3553(a) (2000), and impose a sentence. <u>United States v. Moreland</u>, 437 F.3d 424, 432-33 (4th Cir.), <u>cert.</u> <u>denied</u>, 126 S. Ct. 2054 (2006). A sentence imposed within a properly calculated Guidelines range is presumptively reasonable. <u>United States v. Green</u>, 436 F.3d 449, 457 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006).

On appeal, Hegmon contends that the district court erroneously calculated his advisory Guideline range by attributing to him a quantity of drugs and possession of a firearm that were not admitted as a part of his guilty plea. However, a sentencing court treating the Guidelines as advisory continues to make factual findings concerning sentencing factors by a preponderance of the evidence. <u>See</u> <u>United States v. Morris</u>, 429 F.3d 65, 72 (4th Cir. 2005), <u>cert. denied</u>, 127 S. Ct. 121 (2006).

---

[*]<u>United States v. Booker</u>, 543 U.S. 220 (2005).

Hegmon also contends that the presumption of reasonableness this court affords post-Booker sentences that are within a properly calculated Guidelines range is unconstitutional. A plethora of circuit precedent forecloses this argument. See, e.g., United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006), petition for cert. filed, __ U.S.L.W. __ (U.S. July 21, 2006) (No. 06-5439); United States v. Johnson, 445 F.3d 339, 341-42 (4th Cir. 2006); United States v. Moreland, 437 F.3d 424, 433 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006); United States v. Green, 436 F.3d 449, 457 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006). Because one panel of this court cannot overrule another, we decline Hegmon's invitation to ignore established circuit authority. See United States v. Chong, 285 F.3d 343, 346-47 (4th Cir. 2002).

Finally, Hegmon asserts that his sentence is unreasonable because it is it greater than necessary to comply with the purposes of sentencing set forth in § 3553(a). A defendant can only rebut the presumption a properly calculated Guidelines range is reasonable "by demonstrating that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks and citation omitted), petition for cert. filed, __ U.S.L.W. __ (U.S. July 21, 2006) (No. 06-5439). A post-Booker sentence may be unreasonable for procedural and substantive

reasons. "A sentence may be procedurally unreasonable, for example, if the district court provides an inadequate statement of reasons . . . . A sentence may be substantively unreasonable if the court relies on an improper factor or rejects policies articulated by Congress or the Sentencing Commission." United States v. Moreland, 437 F.3d 424, 434 (4th Cir.) (internal quotation marks and citation omitted), cert. denied, 126 S. Ct. 2054 (2006).

Hegmon's seventy-eight month sentence is presumptively reasonable because it is within both the properly calculated Guidelines range and the applicable statutory maximum. Moreover, the record reflects that the district court complied with § 3553(a), and explicitly considered the nature and circumstances of the offense, Hegmon's history and characteristics, and the need for deterrence.

For the foregoing reasons, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED