**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-4721**

———————

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

        versus

DAMON DEMONT NICHOLSON,

                              Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern
District of North Carolina, at New Bern.  Louise W. Flanagan, Chief
District Judge.  (5:05-cr-00269-FL)

———————

Submitted:  May 31, 2007                Decided:  June 4, 2007

———————

Before WILKINSON, TRAXLER, and GREGORY, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon,
Assistant Federal Public Defender, Eric J. Brignac, Research and
Writing Attorney, Raleigh, North Carolina, for Appellant.  George
E. B. Holding, United States Attorney, Anne M. Hayes, Banumathi
Rangarajan, Assistant United States Attorneys, Raleigh, North
Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Damon Demont Nicholson appeals the 120-month sentence the district court imposed after Nicholson pled guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924 (2000). We affirm.

On appeal, Nicholson first challenges the presumption of reasonableness this court affords post-Booker[*] sentences that are within a properly calculated guidelines range. A plethora of circuit precedent forecloses this argument. See e.g., United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir.), petition for cert. filed, __ U.S.L.W. __ (U.S. July 21, 2006) (No. 06-5439); United States v. Johnson, 445 F.3d 339, 341-42 (4th Cir. 2006); United States v. Moreland, 437 F.3d 424, 433 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006); United States v. Green, 436 F.3d 449, 457 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006). We decline Nicholson's invitation to ignore established circuit authority. See United States v. Chong, 285 F.3d 343, 346-47 (4th Cir. 2002) (internal quotation marks and citations omitted) (noting that one panel of this court cannot overrule another).

Nicholson next asserts that the district court failed to appropriately consider the other sentencing factors set forth in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006). Although the district court did not explicitly discuss every § 3553(a) factor on the

---

[*]United States v. Booker, 543 U.S. 220 (2005).

record, it was not required to "robotically tick through § 3553(a)'s every subsection."  Johnson, 445 F.3d at 345; see United States v. Eura, 440 F.3d 625, 632 (4th Cir.), petition for cert. filed, __ U.S.L.W. __ (U.S. June 20, 2006) (No. 05-11659). The record reflects that the district court complied with § 3553(a)(1), and considered Nicholson's personal history and circumstances — including his mental health and substance abuse issues — in determining his sentence.  Thus, this claim lacks merit.

We affirm Nicholson's sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED