**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 06-4655**

─────────────

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

        versus

REGINALD LARUE SPIVEY, a/k/a Buddy,

                              Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Malcolm J. Howard, Senior District Judge.  (7:03-cr-00023-H)

─────────────

Submitted:  May 18, 2007              Decided:  July 9, 2007

─────────────

Before NIEMEYER and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Joel Merritt Wagoner, WAGONER LAW FIRM, Wilmington, North Carolina, for Appellant.  George E. B. Holding, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Reginald Larue Spivey was convicted by a jury of conspiracy to distribute and possess with intent to distribute at least 50 grams of cocaine base and at least five kilograms of cocaine, in violation of 21 U.S.C. § 846 (Count 1); distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count 2); possession with intent to distribute at least 50 grams of cocaine base and 500 grams of cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count 3); and possession of firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(2) (Count 4). The district court sentenced Spivey to an aggregate of 420 months of imprisonment under the then-mandatory federal sentencing guidelines.

We previously affirmed Spivey's conviction, but vacated his sentence, and remanded for resentencing in accordance with United States v. Booker, 543 U.S. 220 (2005), and United States v. Hughes, 401 F.3d 540 (4th Cir. 2005). At resentencing, the district court sentenced Spivey to concurrent 360-month terms of imprisonment on Counts 1, 2, and 3, and a consecutive 60-month term of imprisonment on Count 4, for an aggregate 420-month term of imprisonment, the same sentence imposed originally. Spivey again appeals, contending that his sentence is unreasonable based upon the district court's failure to enunciate which particular 18 U.S.C. § 3553(a) (West 2000 & Supp. 2006), factors it considered in

- 2 -

imposing sentence. He also challenges this Circuit's post-<u>Booker</u> standard of review, asserting that the use of the rebuttable presumption of reasonableness in review of sentences that are within the advisory guideline range is a Sixth Amendment violation. We affirm.

As a preliminary matter, Spivey does not challenge the calculation of his advisory guidelines sentencing range. Rather, he asserts his sentence is unreasonable. We have repeatedly held that a sentence imposed within a properly calculated guideline range is presumed to be reasonable. <u>See, e.g.</u>, <u>United States v. Montes-Pineda</u>, 445 F.3d 375, 379 (4th Cir. 2006), <u>petition for cert. filed</u>, __ U.S.L.W. __ (U.S. July 21, 2006) (No. 06-5439); <u>United States v. Johnson</u>, 445 F.3d 339, 341-42 (4th Cir. 2006); <u>United States v. Moreland</u>, 437 F.3d 424, 433 (4th Cir.), <u>cert. denied</u>, 126 S. Ct. 2054 (2006); <u>United States v. Green</u>, 436 F.3d 449, 457 (4th Cir.), <u>cert. denied</u>, 126 S. Ct. 2309 (2006). Spivey's contention that a within-guideline sentence is not entitled to a presumption of reasonableness is unavailing because a panel may not overrule another panel. <u>United States v. Chong</u>, 285 F.3d 343, 346 (4th Cir. 2002).[*] Given that Spivey does not challenge the advisory guideline range in his case, coupled with his failure to provide evidence to overcome the presumption of

---

[*]To the extent Spivey is objecting to this court's review standards, such a challenge appropriately is made to the United States Supreme Court.

- 3 -

reasonableness we accord such a sentence, we reject Spivey's claim of unreasonableness.

Moreover, while the district court did not enunciate each § 3553(a) factor it considered prior to imposing sentence on Spivey, the court did specifically refer to Booker and to the § 3553(a) factors at the resentencing hearing, stating that it specifically considered those factors. It adopted the findings in the presentence report, stating that they were credible and reliable, and it stated that in addition to the § 3553(a) factors, the court considered the guidelines range and other relevant guideline factors. The court was familiar with Spivey's history and background, having presided over his trial. Also, the court had sentenced Spivey originally and was familiar with the details of Spivey's case from the initial sentencing hearing. Spivey's presentence report outlined his offense conduct and his criminal history. Finally, Spivey took the opportunity to argue at length about the strength of the evidence against him during the resentencing hearing, providing additional information about the nature and circumstances of his offense prior to the district court's imposition of sentence.

The sentencing court "need not explicitly discuss every § 3553(a) factor on the record . . . particularly . . . when the district court imposes a sentence within the applicable Guidelines range." Johnson, 445 F.3d at 345 (internal quotations and

citations omitted).  Rather, we can evaluate whether the court considered the § 3553(a) factors and whether it did so properly based on the context surrounding a district court's explanation. See Montes-Pineda, 445 F.3d at 381.  We find that the district court here fully complied with the mandates of Booker and Hughes, and that Spivey's sentence was reasonable and not in violation of his Sixth Amendment rights.

Accordingly, we affirm Spivey's sentence.  Given that Spivey is represented by counsel, we deny his motion to file a supplemental pro se brief.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED