UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4960

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TONY LEROY HAILEY,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  William L. Osteen, Senior District Judge.  (1:06-cr-00080-WLO)

Submitted:    May 30, 2007                Decided:  July 9, 2007

Before WILKINSON and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, Gregory Davis, Senior Litigator, Winston-Salem, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Kearns Davis, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tony Leroy Hailey pled guilty to possession of methamphetamine with intent to distribute, 21 U.S.C.A. § 841(a), (b)(1)(B) (West 1999 & Supp. 2007), and was sentenced to a term of seventy-eight months imprisonment. Hailey appeals his sentence, contending first that the district court erred in applying a two-level adjustment for obstruction of justice, U.S. Sentencing Guidelines Manual § 3C1.1 (2005), next challenging our standard of review for sentences as an unconstitutional post-Booker[1] return to mandatory guideline sentences, and also arguing that his sentence was unreasonable. We affirm.

Hailey was arrested and detained on state drug charges after he sold methamphetamine to an informant. His residence was searched and detectives found eighty-two grams of methamphetamine, a digital scale, two rifles, and a shotgun. During the search, Hailey stated that the drugs belonged to his brother, who was in jail and had asked him to get the drugs from the safe at their mother's house and hold it until he made bond. Hailey also said, as the firearms were removed from his residence, "No, don't take my guns." After he was taken into custody, Hailey waived his Miranda[2] rights and made a written statement in which he said the three firearms were his.

---

[1]United States v. Booker, 543 U.S. 220 (2005).

[2]Miranda v. Arizona, 384 U.S. 436 (1966).

- 2 -

While Hailey was confined on the state charges, he had a conversation with his mother on a recorded telephone line, in which he told her that he needed to have someone retrieve his guns from the Sheriff's Department, claim ownership of the guns, and assert that Hailey had lied when he said the guns were his. Otherwise, Hailey feared that federal charges would be filed against him because, as a convicted felon, he was prohibited under federal law from possessing firearms. No one claimed the guns and federal charges were later brought against Hailey for possession of methamphetamine with intent to distribute and possession of a firearm by a convicted felon.

Under the terms of his plea agreement, Hailey pled guilty to the drug offense and the firearm charge was dismissed. At sentencing, the government agreed to the elimination of the dangerous weapon enhancement recommended in the presentence report under U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (2005).[3] However, the district court determined that Hailey's recorded statements to his mother supported an adjustment for obstruction of justice.

On appeal, Hailey first claims that, because his conversation with his mother concerned the firearms offense, and the firearms count was dismissed, the conversation did not relate

---

[3]The record does not reflect the government's reasons for agreeing to the elimination of the dangerous weapon enhancement.

to the instant offense of conviction and could not be the basis for an obstruction of justice adjustment. This argument is reviewed for plain error because Hailey did not make it in the district court. United States v. Hadden, 475 F.3d 652, 670 (4th Cir. 2007). However, we find no error, plain or otherwise. See United States v. Burke, 345 F.3d 416, 428-30 (6th Cir. 2003) (action intended to impede investigation that resulted in defendant's plea bargain and conviction supported obstruction of justice adjustment, though action related to charge that was dropped as part of plea bargain).

Hailey also contends that his conversation with his mother does not support the § 3C1.1 adjustment because he did not explicitly ask her to perjure herself or to find someone who would do so. However, the record discloses that Hailey specifically told his mother that he wanted someone to lie to the authorities about who owned the guns to help him avoid a federal firearms charge. The district court did not clearly err in finding that this conduct constituted an attempt to obstruct justice.

Hailey next asserts that our precedents have returned this Circuit to a mandatory guideline scheme. See United States v. Green, 436 F.3d 449, 457 (4th Cir.) (holding that sentence within advisory guideline range is presumptively reasonable), cert. denied, 126 S. Ct. 2309 (2006), and United States v. Moreland, 437 F.3d 424, 434 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006)

- 4 -

(holding that "[t]he farther the court diverges from the advisory guideline range, the more compelling the reasons for the divergence must be"). We disagree. Moreover, as Hailey acknowledges, a panel of this court may not overrule the decision of another panel. United States v. Chong, 285 F.3d 343, 346 (4th Cir. 2002).

Finally, Hailey argues that his sentence was unreasonable because it was greater than necessary to comply with the purposes of 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007), and suggests that the mandatory minimum sentence of five years would be sufficient. After Booker, a district court is no longer bound by the range prescribed by the sentencing guidelines. However, courts still must calculate the applicable guideline range after making the appropriate findings of fact and must consider the range in conjunction with other relevant factors under the guidelines and 18 U.S.C.A. § 3553(a). Moreland, 437 F.3d at 432. "The district court need not discuss each factor set forth in § 3553(a) 'in checklist fashion;' 'it is enough to calculate the range accurately and explain why (if the sentence lies outside it) this defendant deserves more or less.'" Id. at 432 (quoting United States v. Dean, 414 F.3d 725, 729 (7th Cir. 2005)). This court will affirm a post-Booker sentence if it "is within the statutorily prescribed range and is reasonable." Moreland, 437 F.3d at 433 (internal quotation marks and citation omitted). "[A] sentence within the

proper advisory Guidelines range is presumptively reasonable." United States v. Johnson, 445 F.3d 339, 341 (4th Cir. 2006).

In sentencing Hailey, the district court appropriately treated the guidelines as advisory. The record shows that the court considered and discussed many of the § 3553(a) factors, including the seriousness of the offense, Hailey's conduct after his arrest, and his potential for rehabilitation. Hailey's seventy-eight-month prison term is in the middle of the guideline range and is below the statutory maximum term of forty years imprisonment under 21 U.S.C.A. § 841(b)(1)(B). Hailey does not present any information so compelling as to rebut the presumption that a sentence within the properly calculated guideline range is reasonable. We conclude that Hailey's sentence was reasonable.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED