**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 07-5052**

_____

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

TIMOTHY RAY POLK,

                    Defendant - Appellant.


_____

**No. 07-5063**

_____

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

TIMOTHY RAY POLK,

                    Defendant - Appellant.


_____

Appeals from the United States District Court for the Middle District of North Carolina, at Durham. James A. Beaty, Jr., Chief District Judge. (1:07-cr-00063-JAB-1; 1:07-cr-00169-JAB-2)

_____

Submitted:  May 30, 2008          Decided:  June 13, 2008

_____

Before WILKINSON, NIEMEYER, and DUNCAN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Todd A. Smith, LAW FIRM OF TODD A. SMITH, Graham, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, David P. Folmar, Jr., Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Timothy Ray Polk pled guilty to possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (2000), and conspiracy to distribute fifty grams or more of cocaine base (crack), 21 U.S.C.A. § 846 (West 1999 & Supp. 2007).[*]  He received a sentence of 235 months for the drug offense and a concurrent sentence of 120 months, the statutory maximum, for the firearm offense.  Polk appeals his sentence, challenging the district court's determination that he qualified for sentencing as a career offender under U.S. Sentencing Guidelines Manual § 4B1.1 (2006).  He also contends that the sentence was unreasonable.  We affirm.

Polk argues that his 1993 North Carolina assault conviction should not be treated as a predicate felony conviction for career offender status because, while the maximum sentence at the time he was convicted and sentenced was two years imprisonment, a change in the law the following year reduced the maximum sentence to 150 days.  For career offender purposes, a "prior felony conviction" is any prior conviction "punishable by death or imprisonment for a term exceeding one year," even if the offense is not designated as a felony.  USSG § 4B1.2, comment. (n.1).  Polk objected to his career offender status on this ground in the

---

[*]These offenses were charged in two separate indictments.  The firearm offense was Count Three charged in Indictment No. 1:07-cr-63-1; the crack offense was the second object of the conspiracy charged in Indictment No. 1:07-cr-169-2.

district court, but at sentencing he acknowledged that settled Fourth Circuit law did not support his position. See United States v. Harp, 406 F.3d 242, 245 (4th Cir. 2005) (citing United States v. Johnson, 114 F.3d 435, 444-45 (4th Cir. 1997) (holding that determination of whether prior conviction was punishable by term of imprisonment exceeding one year is governed by law in effect on date of conviction)); United States v. Carter, 300 F.3d 415, 427 (4th Cir. 2002). On appeal, Polk urges us to reconsider the issue. However, a panel of this court may not overrule a decision by a prior panel. Only the Supreme Court or an en banc decision by this court may do that. United States v. Chong, 285 F.3d 343, 346-47 (4th Cir. 2002).

Next, Polk contends that his sentence was unreasonable because the district court declined to vary below the guideline range and did not adequately explain its decision. Appellate courts review sentences for reasonableness, applying an abuse of discretion standard. Gall v. United States, 128 S. Ct. 586, 597-98 (2007); United States v. Pauley, 511 F.3d 468, 473-74 (4th Cir. 2007). When sentencing a defendant, a district court must: (1) properly calculate the guideline range; (2) determine whether a sentence within that range serves the factors set out in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007); (3) implement mandatory statutory limitations; and (4) explain its reasons for selecting a sentence. Pauley, 511 F.3d at 473. In the Fourth

Circuit, "[a] sentence within the proper Sentencing Guidelines range is presumptively reasonable." United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007); see Rita v. United States, 127 S. Ct. 2456, 2462-69 (2007) (upholding presumption of reasonableness for within-guidelines sentence). This presumption can only be rebutted by showing that the sentence is unreasonable when measured against the § 3553(a) factors. United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006).

Here, the district court correctly calculated the guideline range, treated the guidelines as advisory, and considered the § 3553(a) factors generally. The court specifically considered "the nature and circumstances of the offense" and Polk's "argument as to his history and characteristics," 18 U.S.C.A. § 3553(a)(1), as well as his argument concerning disparity in sentencing, id. at § 3553(a)(6). The court then imposed concurrent prison terms of 235 months, the bottom of the guideline range for one count, and ten years, the statutory minimum, for the second count. We conclude that the sentence is reasonable.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED