**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4225**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

RAMONE HAISON ETHRIDGE,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.    Terrence W. Boyle,
District Judge.  (5:10-cr-00206-BO-2)

Submitted:  March 20, 2013            Decided:  April 4, 2013

Before WILKINSON and DAVIS, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Michael W. Patrick, LAW OFFICE OF MICHAEL W. PATRICK, Chapel
Hill, North Carolina, for Appellant.   Thomas G. Walker, United
States  Attorney,  Jennifer  P.  May-Parker,  Yvonne  V.
Watford-McKinney, Assistant United States Attorneys, Raleigh,
North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ramone Haison Ethridge was convicted after a jury trial of aiding and abetting the possession of stolen firearms, in violation of 18 U.S.C. §§ 2, 922(j), 924(a)(2) (2006). The district court calculated Ethridge's advisory Guidelines range under the U.S. Sentencing Guidelines Manual ("USSG") (2010) at forty-one to fifty-one months' imprisonment, imposed an upward variance, and sentenced Ethridge to 120 months' imprisonment. On appeal, Ethridge challenges this sentence as procedurally and substantively unreasonable. We affirm.

We review the district court's sentence, "whether inside, just outside, or significantly outside the Guidelines range," under a "deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). This standard of review involves two steps; under the first, we examine the sentence for significant procedural errors, and under the second, we review the substance of the sentence. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007) (examining Gall, 552 U.S. at 50-51). Significant procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence — including an explanation for any

2

deviation from the Guidelines range." Gall, 552 U.S. at 51. If there are no significant procedural errors, we then consider the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." Id.

When the district court imposes a variant sentence, we consider "whether the . . . court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." United States v. Hernandez-Villanueva, 473 F.3d 118, 123 (4th Cir. 2007). Such a sentence is unreasonable if the district court "relie[d] on improper factors in imposing a sentence outside the properly calculated advisory sentencing range." Id.

Ethridge argues that his sentence is procedurally unreasonable because the district court erred in applying the enhancements under USSG § 3C1.1 for obstruction of justice and USSG § 3C1.2 for reckless endangerment during flight in calculating his Guidelines range. In assessing challenges to the district court's application of the Guidelines, we review the court's factual findings for clear error and its legal conclusions de novo. United States v. Alvarado Perez, 609 F.3d 609, 612 (4th Cir. 2010).

Section 3C1.1 of the Guidelines provides for a two-level enhancement to a defendant's offense level if the

defendant "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction" and the obstructive conduct related to the defendant's offense of conviction and any relevant conduct. USSG § 3C1.1. Obstructive conduct within the meaning of § 3C1.1 includes "committing, suborning, or attempting to suborn perjury." Id., cmt. n.4(B). Subornation of perjury consists of three elements: the suborner (1) "should have known or believed or have had good reason to believe that the testimony given would be false"; (2) "should have known or believed that the witness would testify willfully and corruptly, and with knowledge of the falsity"; and (3) "should have knowingly and willfully induced or procured the witness to give such false testimony." Petite v. United States, 262 F.2d 788, 794 (4th Cir. 1959) (internal quotation marks omitted), vacated on other grounds, 361 U.S. 529 (1960); see also United States v. Heater, 63 F.3d 311, 320 (4th Cir. 1995) ("Subornation of perjury consists of procuring or instigating another to commit the crime of perjury.").

After review of the record and the parties' briefs, we conclude that the district court did not err in applying the two-level enhancement under USSG § 3C1.1. The trial testimony the district court credited established that Ethridge attempted

4

to suborn perjury by knowingly urging his co-defendant to testify falsely at trial concerning a material matter — the circumstances underlying the offense — with the intent to deceive the jury.

We also reject Ethridge's appellate challenge to the district court's application of the two-level enhancement under USSG § 3C1.2. That section of the Guidelines directs a district court to increase a defendant's offense level by two levels "[i]f the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." USSG § 3C1.2. Under this section, a defendant "is accountable for [his] own conduct and for conduct that [he] aided or abetted, counseled, commanded, induced, procured, or willfully caused." Id., cmt. n.5. Because Application Note 5 to USSG § 3C1.2 "limits the defendant's responsibility for the actions of another," this court has held that "some form of direct or active participation" on the part of the defendant is necessary for the enhancement to apply when the reckless flight is the result of another person's action. United States v. Chong, 285 F.3d 343, 346 (4th Cir. 2002) (internal quotation marks omitted). Here, the record establishes that Ethridge actively aided or abetted his co-defendant's reckless flight from the police.

5

Ethridge also argues that his sentence is otherwise procedurally unreasonable because the grounds on which the variance was based were adequately accounted for in the Guidelines range and because the district court premised its variance decision on an erroneous computation of his criminal history category. Ethridge further challenges as unreasonable the extent of the upward variance. We reject these arguments.

At sentencing — after ruling on Ethridge's objections to the presentence report, calculating his Guidelines range, giving him the opportunity to allocute, and hearing argument from counsel — the district court concluded that an upward variance under 18 U.S.C. § 3553(a) to 120 months' imprisonment was necessary to achieve the purposes of sentencing. In reaching this conclusion, the court properly considered Ethridge's history and characteristics and the need for the sentence to afford adequate deterrence and to protect the public, 18 U.S.C. § 3553(a)(1), (2)(B)-(C), making note of his multiple prior convictions for breaking and entering, the lenient punishments he received for these offenses, the escalating nature of his larcenies, and the fact that he was on probation when he committed the aiding and abetting offense. The court also properly considered the need for the sentence to promote respect for the law, 18 U.S.C. § 3553(a)(2)(A), making note of Ethridge's false testimony at trial and efforts to

6

persuade his co-defendant to testify falsely.[*] The district court's consideration of the relevant 18 U.S.C. § 3553(a) factors and articulation of its reasons for varying from the Guidelines range support our decision to defer to its determination as to the extent of the variance. See United States v. Diosdado-Star, 630 F.3d 359, 366-67 (4th Cir.) (affirming substantive reasonableness of variance sentence six years greater than Guidelines range because sentence was based on the district court's examination of the § 3553(a) factors), cert. denied, 131 S. Ct. 2946 (2011); see also United States v. Angle, 598 F.3d 352, 359 (7th Cir. 2010) ("All that matters is that the sentence imposed be reasonable in relation to the 'package' of reasons given by the court.").

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

---

[*] We find no merit to Ethridge's assertion that the district court premised its decision to vary upwardly on an erroneous computation of his criminal history category.

7