UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

No. 06-4978
(3:05-cr-00407)

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

EVERETT LESLIE WILLIAMS,

Defendant - Appellant.

O R D E R

The court amends its opinion filed July 5, 2007, as follows:

On page 3, the first sentence of the third full paragraph is amended by substituting the word "defendant" for "government."

For the Court - By Direction

/s/ Patricia S. Connor
Clerk

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 06-4978**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

EVERETT LESLIE WILLIAMS,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., Chief District Judge. (3:05-cr-00407)

_____

Submitted: May 30, 2007                    Decided: July 5, 2007

_____

Before WILLIAMS, Chief Judge, and NIEMEYER and TRAXLER, Circuit Judges.

_____

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

_____

Kevin A. Tate, Federal Defenders of Western North Carolina, Inc., Charlotte, North Carolina, for Appellant. Gretchen C.F. Shappert, United States Attorney, Thomas Cullen, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After he stole two diamond rings from a jewelry store clerk, sold one ring in a different state and attempted to sell the other ring, Everett Leslie Williams pled guilty to conspiracy to defraud the United States, 18 U.S.C. § 371 (2000) (Count One); transportation of stolen goods, 18 U.S.C. §§ 2314,[*] 2 (2000) (Count Two); and sale of stolen goods, 18 U.S.C. §§ 2315, 2 (2000) (Count Three).  The district court overruled Williams' objections to the presentence report and adopted the recommended enhancements for a loss in excess of $51,000 and theft from the person of another. U.S. Sentencing Guidelines Manual § 2B1.1(b)(1)(D), (b)(3) (2005). The court also departed above the advisory guideline range of 30-37 months pursuant to USSG § 4A1.3, p.s., and imposed concurrent sentences of five years (the statutory maximum) for Count One, and ninety-six months for Counts Two and Three.  Williams appeals his sentence, arguing that (1) the district court's factual findings concerning the sentence violated the Fifth and Sixth Amendments under United States v. Booker, 543 U.S. 220 (2005), (2) the district court's upward departure was unreasonable, and (3) the district court failed to make findings of fact to support enhancements for the loss amount and theft from a person.  We affirm the district court's calculation of the advisory guideline

---

[*]Count Two of the indictment charged a violation of 18 U.S.C. § 2314.  The presentence report and the judgment order erroneously state that Count Two charged a violation of 18 U.S.C. § 2313.

- 2 -

range, but conclude that the court's explanation for the departure was inadequate. We therefore vacate the sentence and remand for further proceedings.

Williams first contends that this Circuit's precedents have effectively made the guidelines mandatory despite Booker and that, consequently, the district court's factual findings violated the Fifth and Sixth Amendments. We disagree and, in any case, may not overrule the decision of another panel. United States v. Chong, 285 F.3d 343, 346 (4th Cir. 2002).

Next, we conclude that the district court's decision to depart upward was reasonable. See United States v. Dalton, 477 F.3d 195, 197 (4th Cir. 2007) (standard of review). The court noted that no criminal history points were given for eleven of Williams' prior sentences, that ten of the prior offenses were felonies involving conduct similar to that underlying the instant offenses and that they were committed while Williams was on probation or free on bond. However, given the extent of the departure, the district court's explanation of its reasons for departing to a sentence of ninety-six months was inadequate.

We agree with the defendant that the district court erred when it structured the departure by treating Williams as a de facto career offender. A defendant may be sentenced under § 4A1.3 as a de facto career offender if he would qualify for sentencing as a career offender but for the fact that one or both of his

predicate convictions may not be counted. <u>United States v. Harrison</u>, 58 F.3d 115, 118 (4th Cir. 1995). Williams had the necessary predicate convictions, but did not otherwise qualify as a career offender because the instant offenses are not crimes of violence. <u>See</u> USSG § 4B1.1.

The district court's alternative explanation for the ninety-six-month sentence did not comply with the procedure set out in § 4A1.3(a)(4)(B) for a departure above category VI, which states that the court "should structure the departure by moving incrementally down the sentencing table to the next higher offense level in Criminal History Category VI until it finds a guideline range appropriate to the case." <u>See</u> <u>Dalton</u>, 477 F.3d at 199. The district court arrived at an offense level of 24 (reduced to 21 for acceptance of responsibility) and a range of 77-96 months by treating Williams as a de facto career offender. The court did not explain how, using the alternative extrapolation method, it again arrived at a sentence of ninety-six months. Because the departure sentence was more than two and a half times the top of the advisory guideline range, a "more extensive justification" for the extent of the departure is necessary. <u>Dalton</u>, 477 F.3d at 199-200. Therefore, we vacate the sentence and remand for resentencing.

Williams also argues that, if the district court did not violate his Fifth and Sixth Amendment rights, the sentence was unreasonable because the court failed to make factual findings

- 4 -

concerning the amount of loss and theft from the person of another. He acknowledges that the court adopted the recommendations in the presentence report, but maintains that the court's failure to make explicit findings makes the sentence procedurally unreasonable. see United States v. Johnson, 445 F.3d 339, 344 (4th Cir. 2006) (reasonableness has both procedural and substantive aspects). In this case, the district court's decision to overrule Williams' factual objections and adopt the calculation in the presentence report did not require detailed findings because undisputed facts supported both contested enhancements.

We therefore affirm the district court's decision to apply enhancements for loss and theft from a person under USSG § 2B1.1(b)(1)(D) and (b)(3). However, because the court's explanation of its upward departure was insufficient, we vacate the sentence and remand for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART, AND REMANDED