**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 07-5033**

———————

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

EVERETT LESLIE WILLIAMS,

             Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., Chief District Judge.  (3:05-cr-00407-1)

———————

Submitted:  August 26, 2008        Decided:  September 15, 2008

———————

Before WILLIAMS, Chief Judge, and NIEMEYER and TRAXLER, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Claire J. Rauscher, Executive Director, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Kevin A. Tate, Charlotte, North Carolina; Matthew R. Segal, Asheville, North Carolina, for Appellant.  Gretchen C. F. Shappert, United States Attorney, Adam Morris, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Everett Leslie Williams appeals the ninety-six-month sentence he received after his case was remanded for resentencing. United States v. Williams, 242 F. App'x 925 (4th Cir. 2007). He contends that the district court abused its discretion by departing above the guideline range of 30-37 months pursuant to U.S. Sentencing Guidelines Manual § 4A1.3, p.s. (2006), and 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2008), and that his sentence violates the Sixth Amendment because the court relied on judicial fact-finding to justify the departure. We affirm.

At Williams' first sentencing, the district court departed upward under USSG § 4A1.3. On appeal, we held that the district court's factual findings at sentencing did not violate the Fifth and Sixth Amendments and that the decision to depart upward was reasonable. However, we concluded that the district court erred in treating Williams as a de facto career offender, and also failed to comply with the procedure set out in § 4A1.3(a)(4)(B) for a departure above criminal history category VI.

On remand, the court again determined that a departure to a sentence of ninety-six months was warranted, even though the offense did not involve violence and the stolen goods were recovered. First, the court found that Williams' current property offenses actually involved his robbery of two jewelry stores, and thus had the potential for physical violence. The court noted that

2

Williams had been robbing jewelry stores for almost twenty years, carrying on this activity whenever he was not incarcerated, which indicated a high likelihood that he would commit similar crimes in the future. The court stated that the sentencing goals set out in § 3553(a)(2), especially protection of the public, were not met by the guideline range. The court further noted that Williams had 27 criminal history points (mostly for diamond thefts) and 11 prior sentences for similar offenses which were not counted in his criminal history because they were outside the applicable time period.

Following the procedure required by § 4A1.3(a)(4)(B) for a departure above category VI, the court moved down the sentencing table from offense level 12 to offense level 21, which resulted in an increased guideline range of 77-96 months. The court stated that it had considered each intervening offense level and found that each was inadequate. The court stated that only the statutory maximum ten-year sentence (applicable to Counts Two and Three, the substantive counts) would be a sufficient sentence, but departed to offense level 21 instead of offense level 24 (which would have produced a range of 100-125 months) to give Williams some benefit from his acceptance of responsibility. The court again imposed a sentence of ninety-six months, and alternatively explained the basis for the sentence as a variance, finding that the increased

3

sentence was necessary to accomplish all the sentencing goals set out in § 3553(a).

After United States v. Booker, 543 U.S. 220 (2005), a sentence is reviewed for reasonableness, using an abuse of discretion standard of review. Gall v. United States, 128 S. Ct. 586, 597 (2007). The first step in this review requires the court to ensure that the district court committed no significant procedural error. United States v. Evans, 526 F.3d 155, 162 (4th Cir. 2008). If there are no procedural errors, the appellate court then considers the substantive reasonableness of the sentence, "taking into account the totality of the circumstances, including the extent of any variance from the Guidelines range." Gall, 128 S. Ct. at 597. While the court may presume a sentence within the Guidelines range to be reasonable, it may not presume a sentence outside the range to be unreasonable. Id. Moreover, it must give due deference to the district court's decision that the § 3553(a) factors justify imposing a variant sentence and to its determination regarding the extent of any variance. Even if the reviewing court would have reached a different sentencing result on its own, this fact alone is insufficient to justify reversal of the district court. Id.

Here, the district court followed the necessary procedural steps in sentencing Williams, properly calculating the Guidelines range and considering that recommendation in conjunction

4

with § 4A1.3, as well as the § 3553(a) factors. With respect to the incremental approach, the district court need not explain its rejection of each intervening offense level. United States v. Dalton, 477 F.3d 195, 199 (4th Cir. 2007).

Although Williams contends that the court could not characterize its deviation from the guideline range as a variance as well as a departure, and that the sentence may not be upheld as a variance, we have held to the contrary. See Evans, 526 F.3d at 164. In light of the facts of this case, and the district court's meaningful articulation of its consideration of the § 3553(a) factors as a basis for departing from the recommended guideline range, we conclude that the extent of the departure was reasonable.

Williams also argues that the district court violated the Sixth Amendment by finding facts to justify a sentence outside the range authorized by facts charged in the indictment or admitted by him. Williams did not raise this particular Sixth Amendment issue in his first appeal or on remand in the district court. Therefore, under the mandate rule, he has forfeited consideration of the issue, see United States v. Bell, 5 F.3d 64, 66-67 (4th Cir. 1993), and we need not address it on the merits.[*]

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal

_____

[*]Williams relies on Justice Scalia's concurrence in Rita v. United States, 127 S. Ct. 2456, 2477 (2007).

5

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED