<u>**UNPUBLISHED**</u>

**UNITED STATES COURT OF APPEALS**
**FOR THE FOURTH CIRCUIT**

---

**No. 10-1829**

---

DARRYL MCKENZIE; MORRIS LAWN AND LANDSCAPE; BENNY W. HYDRICK; DONALD SUELL; RG, through his Guardian ad Litem Wilber Calhoun Jr; Guardian ad Litem Wilber Calhoun, Jr; JC, through his Guardian ad Litem Wilber Calhoun Jr; Guardian ad Litem Wilber Calhoun, Jr; GREGORY HALL; BEVERLY JEAN ALLEN; JOHN ELLA COLEMAN; VALLEY FAIR BAPTIST CHURCH; K&B PROPERTIES; JS, through his Guardian ad Litem Wilber Calhoun Jr; Guardian ad Litem Wilber Calhoun, Jr; TORINA LORENZO COLEMAN,

Plaintiffs – Appellants,

WILLIAM HALL; ROOSEVELT WALKER; DW1, through her Guardian ad Litem Darlene Champagne; Guardian ad Litem Darlene Champagne; DW2, through her Guardian ad Litem Della Mae Jones; Guardian ad Litem Della Mae Jones,

Movants – Appellants,

and

TIMOTHY ARD; BETHLEHEM BAPTIST CHURCH OF GRANITEVILLE, INCORPORATED; TINA BEVINGTON, individually and on behalf of others similarly situated; JESSICA CURTIS; JAMES SPLAWN; ELIZABETH R. CUTRIGHT, individually and on behalf of others similarly situated; MIKE WILLIAMS CONSTRUCTION LLC; CHRISTINE GREEN,

Plaintiffs,

CHRISTY T. DALTON,

Petitioner,

ROBERT M. BELL; ERWIN J. LEIZERMAN; MICHAEL J. LEIZERMAN; PATRICK J. PEROTTI; STEPHEN K. SURASKY,

Movants,

v.

NORFOLK SOUTHERN RAILWAY COMPANY,

          Defendant – Appellee,

   and

NORFOLK SOUTHERN CORPORATION; JOHN DOES 1-10,

          Defendants.

---

**No. 11-1365**

---

DARRYL MCKENZIE; MORRIS LAWN AND LANDSCAPE; TIMOTHY ARD; BENNY W. HYDRICK; DONALD SUELL; BETHLEHEM BAPTIST CHURCH OF GRANITEVILLE, INCORPORATED; RG, through his Guardian ad Litem Wilber Calhoun Jr; Guardian ad Litem Wilber Calhoun, Jr; JS, through his Guardian ad Litem Wilber Calhoun Jr; Guardian ad Litem Wilber Calhoun, Jr; JC, through his Guardian ad Litem Wilber Calhoun Jr; Guardian ad Litem Wilber Calhoun, Jr; GREGORY HALL; TINA BEVINGTON, individually and on behalf of others similarly situated; JOHN ELLA COLEMAN; BEVERLY JEAN ALLEN; VALLEY FAIR BAPTIST CHURCH; K&B PROPERTIES; JESSICA CURTIS; ELIZABETH R. CUTRIGHT, individually and on behalf of others similarly situated; JAMES SPLAWN; MIKE WILLIAMS CONSTRUCTION LLC; TORINA LORENZO COLEMAN,

          Plaintiffs – Appellants,

WILLIAM HALL; DW1, through her Guardian ad Litem Darlene Champagne; Guardian ad Litem Darlene Champagne; ROOSEVELT WALKER; DW2, through her Guardian ad Litem Della Mae Jones; Guardian ad Litem Della Mae Jones,

          Movants – Appellants,

   and

CHRISTINE GREEN,

          Plaintiff,

2

CHRISTY T. DALTON,

                Petitioner,

ROBERT M. BELL; ERWIN J. LEIZERMAN; MICHAEL J. LEIZERMAN; PATRICK J. PEROTTI; STEPHEN K. SURASKY,

                Movants,

      v.

NORFOLK SOUTHERN RAILWAY COMPANY,

                Defendant – Appellee,

     and

NORFOLK SOUTHERN CORPORATION; JOHN DOES 1-10,

                Defendants.

––––––––––––

Appeals from the United States District Court for the District of South Carolina, at Aiken.  Margaret B. Seymour, District Judge.  (1:05-cv-00115-MBS)

––––––––––––

Argued: September 19, 2012      Decided: November 20, 2012

––––––––––––

Before GREGORY, SHEDD, and AGEE, Circuit Judges.

––––––––––––

Affirmed in part, dismissed in part, and reversed in part by unpublished per curiam opinion.

––––––––––––

**ARGUED:** Paul Allen Dominick, NEXSEN PRUET, Charleston, South Carolina, for Appellants. Ronald K. Wray, II, GALLIVAN, WHITE & BOYD, PA, Greenville, South Carolina, for Appellee. **ON BRIEF:** Stephen P. Groves, Sr., NEXSEN PRUET, Charleston, South Carolina; Douglas M. Schmidt, DOUGLAS SCHMIDT LAW FIRM, Graniteville, South Carolina, for Appellants. Thomas E. Vanderbloemen, GALLIVAN, WHITE & BOYD, PA, Greenville, South Carolina, for Appellee.

––––––––––––

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Appellants challenge the district court's orders enjoining their state court actions and imposing attorneys' fees against their counsel. For the reasons that follow, we dismiss in part and affirm in part the injunctions, and reverse the imposition of attorneys' fees.

I.

The underlying facts arise from a Norfolk Southern Railway Company ("Norfolk Southern") train derailment and collision that occurred in January 2005, in Graniteville, South Carolina. The collision caused the release of chlorine from a ruptured train car tank. The release of the chlorine gas led to death and physical injury to individuals, damage to real and personal property, economic loss, and evacuation expenses. Multiple federal court actions ensued, were consolidated, litigated, and settled in the U.S. District Court of South Carolina. Of import to this appeal is the Curtis class action that covered harm suffered by individuals and businesses located in the area close to the derailment site. See Curtis v. Norfolk S. Ry. Co., No. 1:05-CV-115, 2010 WL 2560679, at *1 (D.S.C. June 21, 2010).

5

Affected class members could opt out of the <u>Curtis</u> settlement agreement by August 1, 2005.[1]  To opt out, class members had to mail a written request to the Class Notice Administrator, Epiq Systems ("Epiq")--a neutral party appointed by the district court to handle this matter.  Upon receipt of an opt-out form, Epiq stamped the form with a barcode and date-stamp indicating the receipt date.  After the time to opt out passed, the district court approved the Joint Class Action Settlement for the <u>Curtis</u> class.

In 2007, Appellants[2] sued Norfolk Southern in South Carolina state court to recover for injuries they sustained as a result of the train derailment.  The state court actions proceeded through the normal course of litigation until discovery.  While discovery in state court was ongoing, Norfolk Southern filed in the District Court of South Carolina several motions for orders to show cause and to enjoin the pending state court actions.

---

[1] Appellants contend that the opt-out date was extended to September 15, 2005.  However, the record supports the conclusion that the deadline was August 1, 2005.

[2] Appellants are as follows: (1) Darryl McKenzie; (2) Morris Lawn & Landscape ("Morris Lawn"); (3) Benny W. Hydrick; (4) Donald Suell; (5) Wilber Calhoun Jr., as guardian ad litem for RG, JS, and JC; (6) Gregory Hall; (7) Beverly J. Allen; (8) John E. Coleman; (9) Valley Fair Baptist Church ("Valley Fair"); (10) K&B Properties; (11) William Hall; (12) Roosevelt Walker; (13) Darlene Champagne, as guardian ad litem for DW I; and (14) Della Mae Jones as guardian ad litem for DW II.

6

Norfolk Southern argued that the Curtis class settlement agreement foreclosed the state court actions.

Following a hearing at which Appellants' counsel, Douglas Schmidt, was absent, the district court informed Norfolk Southern that it would enjoin the state court actions and grant Norfolk Southern's request for attorneys' fees associated with the motions. On February 8 and 9, 2010, the district court entered orders granting Norfolk Southern's motions for injunctions. The district court directed Norfolk Southern to file motions and affidavits supporting and specifying its attorneys' fees request.

Subsequently, Schmidt filed separate motions for reconsideration or new trial on behalf of all Appellants except Walker and K&B Properties, explaining that he was unable to attend the hearing due to illness. Additionally, Norfolk Southern filed several motions for attorneys' fees, specifying the actual amounts incurred in litigating each action.

On April 14, 2010, at a hearing on the motions for reconsideration and the motions for attorneys' fees, the district court denied the motions for reconsideration and took the motions for attorneys' fees under advisement. On June 21, 2010, the district court issued an order awarding attorneys' fees to Norfolk Southern. The district court determined that pursuant to 28 U.S.C. § 1927, the fees should be borne

individually by Appellants' counsel, Schmidt, because the state court actions were filed and maintained as a result of counsel's errors and omissions. On July 20, 2010, Appellants filed notices of appeal in this Court appealing the February 8 and 9 orders issuing the injunctions, the denial of the motions for reconsideration, and the June 21 order awarding attorneys' fees.

On October 26, 2010, pursuant to Federal Rule of Civil Procedure 60(b), Appellants moved the district court to vacate or modify the injunctions on the grounds of new evidence. Specifically, three Appellants--Coleman, Hydrick, and Valley Fair--moved the district court to vacate the injunctions issued against their state actions on the basis that Epiq mishandled and mismanaged their forms. Appellants also moved the court to vacate or modify the June 21 order on attorneys' fees on the basis that Schmidt's actions were not a result of bad faith. The district court denied the motion for reconsideration, with one exception--the court reduced the attorneys' fees award by the amount attributable to obtaining the injunction against Valley Fair because the court determined that Valley Fair's opt-out form was timely filed, although it was filed under a

different name.  On April 19, 2011, Appellants appealed the Rule 60(b) decision.  We consolidated the first and second appeals.[3]


II.

A.

Appellants first challenge the district court's injunctions enjoining their state court actions.  We conclude that we have no jurisdiction over certain untimely filed appeals of the injunctions, and the remaining appeals are without merit.  We address both points in turn.

---

[3] While these appeals were pending, Appellants filed a motion in this Court to strike objectionable portions of Norfolk Southern's Response Brief.  As the Seventh Circuit has noted:

> The Federal Rules of Appellate Procedure provide a means to contest the accuracy of the other side's statement of facts:  that means is a brief (or reply brief, if the contested statement appears in the appellee's brief), not a motion to strike.  Motions to strike sentences or sections out of briefs waste everyone's time. . . . Motions to strike words, sentences, or sections out of briefs serve no purpose except to aggravate the opponent--and though that may have been the goal here, this goal is not one the judicial system will help any litigant achieve.  Motions to strike disserve the interest of judicial economy.  The aggravation comes at an unacceptable cost in judicial time.

Redwood v. Dobson, 476 F.3d 462, 471 (7th Cir. 2007).  In their Reply Brief, Appellants had the opportunity to object or rebut objectionable portions of Norfolk Southern's Brief but failed to do so.  Hence, we deny the motion to strike.

"[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 214 (2007). Federal Rule of Appellate Procedure 4(a)(1)(A) allows parties thirty days to file an appeal after the entry of the district court's final judgment or order. When a party files a Rule 59 motion for new trial or reconsideration, or a Rule 60 motion within 28 days after judgment, the time to file an appeal runs from the entry of the district court's order disposing of such motion. Fed. R. App. P. 4(a)(4)(A).

With the exception of the injunction appeals filed by Coleman, Hydrick, and Valley Fair, all the other challenges to the injunctions are untimely. Specifically, Appellants K&B Properties and Walker did not move for reconsideration of the February 8 and 9 district court orders enjoining their state court actions. Consequently, their appeals filed on July 20, 2010--more than five months after the injunctions issued against their state court actions--are time-barred. Accordingly, we dismiss their appeals of the injunctions for lack of jurisdiction.

Further, the appeals of the injunctions filed by Appellants McKenzie, Morris Lawn, Suell, Gregory Hall, William Hall, Calhoun, Allen, Champagne, and Jones are also dismissed for lack of jurisdiction. Although these Appellants moved for

reconsideration, their time to appeal the denial of the request for reconsideration lapsed thirty days from the district court's denial of the motions on April 14, 2010. Thus, their appeals filed on July 20, 2010, were untimely.

Appellants contend that because the district court took the attorneys' fees matter under advisement, the district court's decision on the motions for reconsideration was not final. We disagree. 28 U.S.C § 1291 confers on courts of appeals jurisdiction over "final" decisions of federal district courts. A district court's order is "final" for purposes of 28 U.S.C. § 1291 if it "'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" Carolina Power & Light Co. v. Dynegy Mktg. & Trade, 415 F.3d 354, 358 (4th Cir. 2005) (quoting Catlin v. United States, 324 U.S. 229, 233 (1945)). "[A]n unresolved motion to assess attorneys['] fees as costs to the prevailing party generally does not prevent a judgment on the merits from being final because it does not call into question a decision on the merits." Carolina Power & Light Co., 415 F.3d at 358; see Fed. R. Civ. P. 58(e). If, however, the "substantive law requires [attorney's fees] to be proved at trial as an element of damages," then "a judgment on liability that does not fix damages is not a final judgment." Fed. R. Civ. P. 54(d)(2)(A); Carolina Power & Light Co., 415 F.3d at 358.

11

Here, Norfolk Southern's motion for attorneys' fees is collateral and does not call into question the district court's decision to enjoin the state court actions. The only condition precedent to recovering attorneys' fees is Norfolk Southern's successful litigation of the injunctions.[4] See Budinich v. Becton Dickinson & Co., 486 U.S. 196, 198-203 (1988) (holding that a motion for attorneys' fees was collateral and did not prevent the district court's order from being a final judgment). Thus, the district court's denial of the motions to reconsider the injunctions was appealable before the determination of attorneys' fees. Accordingly, these appeals of the injunctions are untimely and dismissed for lack of jurisdiction.

ii.

The only injunction appeals that survive the jurisdictional time-bar are those filed by Appellants Coleman, Hydrick, and Valley Fair because the district court ruled on their subsequent Rule 60(b) motion on March 29, 2011, and they timely filed their appeals on April 19, 2011. We review a district court's decision to enjoin state court actions for abuse of discretion.

---

[4] The district court's decision to set aside Norfolk Southern's fees attributable to Valley Fair upon its determination that Valley Fair properly opted out evinces this point.

12

*In re Am. Honda Motor Co., Inc.*, 315 F.3d 417, 434 (4th Cir. 2003).

We conclude that the district court did not abuse its discretion in finding that Appellants Hydrick and Coleman failed to opt out of the *Curtis* class settlement. The record demonstrates that Coleman submitted an opt-out form but later participated in the settlement and received payments. Hydrick produced a copy of an opt-out form without a barcode and date-stamp to prove receipt by Epiq, and the affidavit submitted by Schmidt's office manager claiming that the opt-out form was timely submitted fails to indicate who mailed the form or that the form was sent before the deadline. Thus, the district court did not abuse its discretion in denying the motion for reconsideration filed by Hydrick and Coleman.

Regarding Valley Fair, we read the district court's March 29, 2011 opinion as lifting the injunction against Valley Fair. Therefore, Valley Fair's challenge of the injunction is dismissed as moot. For all these reasons, the appeals of the injunctions are dismissed in part and affirmed in part.

### B.

Appellants next challenge the district court's entry of attorneys' fees against Schmidt under 28 U.S.C. § 1927. Prior to addressing the merits of the § 1927 sanctions, we must determine whether we have jurisdiction.

i.

Federal Rule of Appellate Procedure 3(c)(1)(A) requires that a notice of appeal "specify the party or parties taking the appeal by naming each one in the caption or body of the notice." Schmidt is not a named party in the notice of appeal of the attorneys' fees. As a result, Norfolk Southern contends that we lack jurisdiction over the appeal of the attorneys' fees because there is a "risk of ambiguity and confusion" as to who the appellant is and what matter is appealed. See Newport News Holdings Corp. v. Virtual City Vision, Inc., 650 F.3d 423, 443 (4th Cir. 2011) cert. denied, 132 S. Ct. 575, 181 L. Ed. 2d 425 (2011).

We find that there is no ambiguity or confusion because the attorneys' fees were assessed individually against Schmidt, and only Schmidt was entitled to bring the appeal of this sanction. As such, we have jurisdiction to address the merits of the appeal of attorneys' fees.

ii.

On the merits, Appellants contend the district court erred in issuing attorneys' fees against Schmidt under 28 U.S.C. § 1927. We review a district court's decision to impose sanctions pursuant to § 1927 for abuse of discretion. Miltier v. Beorn, 896 F.2d 848, 855 (4th Cir. 1990).

14

Pursuant to § 1927, "Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." We have repeatedly stated that "[b]ad faith on the part of the attorney is a precondition to imposing fees under § 1927." E.E.O.C. v. Great Steaks, Inc., 667 F.3d 510, 522 (4th Cir. 2012) (citing Chaudhry v. Gallerizzo, 174 F.3d 394, 411 n.14 (4th Cir. 1999); Brubaker v. City of Richmond, 943 F.2d 1363, 1382 n. 25 (4th Cir. 1991).

Relying on Sanford v. Virginia, 689 F. Supp. 2d 802 (E.D. Va. 2010), Norfolk Southern contends that § 1927 does not require a finding of bad faith. Sanford discusses our line of cases which clearly state the proposition that bad faith is a precondition to sanctions under § 1927. 689 F. Supp. 2d at 806-808. Sanford asserts, however, that our decisions merely state this proposition in dicta because a finding of bad faith was not necessary to reach our conclusions in those cases. Id. We disagree. In Great Steaks, our most recent decision on this issue decided after Sanford, we restated the proposition that bad faith is required for § 1927 sanctions and affirmed the district court's denial of the defendant's motion for attorneys' fees where the district court expressly found that the plaintiff

15

had not acted in bad faith. 667 F.3d at 522-23.[5] Accordingly, this Circuit requires a finding of bad faith prior to the imposition of sanctions pursuant to § 1927.

Here, in awarding attorneys' fees, the district court stated:

> having observed Plaintiff's counsel and judged his credibility, and having listened to his arguments in justification for his actions, finds that Plaintiffs' counsel's errors and omissions are the result of inefficiency and lack of competence in dealing with an

---

[5] We recognize that our sister circuits have come to differing conclusions on whether bad faith is a precondition to imposing sanction under § 1927. The First, Fifth, Sixth, Seventh, Eight, Tenth, and Eleventh Circuits have found bad faith is not a predicate to imposing § 1927 sanctions. See Rentz v. Dynasty Apparel Indus., Inc., 556 F.3d 389, 396 (6th Cir. 2009); Hamilton v. Boise Cascade Exp., 519 F.3d 1197, 1202 (10th Cir. 2008); Amlong & Amlong, P.A. v. Denny's, Inc., 500 F.3d 1230, 1241 (11th Cir. 2007); Clark v. United Parcel Serv., Inc., 460 F.3d 1004, 1011 (8th Cir. 2006); Claiborne v. Wisdom, 414 F.3d 715, 721 (7th Cir. 2005); Edwards v. Gen. Motors Corp., 153 F.3d 242, 246 (5th Cir. 1998); Cruz v. Savage, 896 F.2d 626, 631–32 (1st Cir. 1990). The Second and Third Circuits have held that bad faith is necessary to impose sanctions under § 1927. See Oliveri v. Thompson, 803 F.2d 1265, 1273 (2d Cir. 1986); Baker Indus., Inc. v. Cerberus Ltd., 764 F.2d 204, 209 (3d Cir. 1985). The Ninth Circuit's case law is unclear on this issue, see In re Girardi, 611 F.3d 1027, 1061 (9th Cir. 2010), and the D.C. Circuit has not decided this issue, see LaPrade v. Kidder Peabody & Co., Inc., 146 F.3d 899, 905 (D.C. Cir. 1998).

Recognizing this split in authorities, we are nonetheless bound by our precedent which explicitly states bad faith is a precondition to imposing sanctions under § 1927. United States v. Chong, 285 F.3d 343, 346 (4th Cir. 2002) ("It is well settled that a panel of this [C]ourt cannot overrule, explicitly or implicitly, the precedent set by a prior panel of this [C]ourt. Only the Supreme Court or this [C]ourt sitting en banc can do that.") (citation and quotation marks omitted)).

16

excessive number of clients, and not the result of bad faith or willful misconduct.

Curtis v. Norfolk S. Ry. Co., No. 1:05-CV-115, 2010 WL 2662269, at *3 (D.S.C. June 21, 2010) (emphasis added). In denying Appellants' Rule 60(b) motion for relief from attorneys' fees, the district court stated:

> Certainly[,] the court was loath to reach a conclusion that [Schmidt] intentionally and with improper motive disregarded evidence of res judicata presented by Defendant with respect to the state court proceedings at issue. It is the court's expectation that all counsel appearing before the court will comport themselves in accordance with the rules of professional conduct, and the court was willing to give [Schmidt] the benefit of the doubt by not making a finding of bad faith. Nevertheless, sanctions are appropriate. Counsel engaged in reckless behavior that demonstrated a conscious disregard for a foreseeable risk that proceedings would be unreasonably and vexatiously multiplied.

(J.A. 1968-69 (emphasis added).) We note that at the time of its decision, the district court did not have the benefit of Great Steaks. Yet, our precedent on the necessity of a bad faith finding prior to the imposition of § 1927 sanctions is clear. Because the district court expressly and specifically refrained from finding bad faith, it was error to impose attorneys' fees on Schmidt. Accordingly, the district court's order imposing attorneys' fees is reversed.

17

III.

For the reasons stated above, we dismiss in part, and affirm in part, the appeals of the injunctions. Additionally, we reverse the award of attorneys' fees issued against Schmidt.

AFFIRMED IN PART,
DISMISSED IN PART,
AND REVERSED IN PART